IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| The Estate of DONTE' DEVEL SHANNON, ex. Rel. Personal Representative, VIVIAN JOHNSON, | ) ) ) ) | No.    2:18-cv-194 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | DEMAND TRIAL BY JURY |
| The CITY OF RACINE, WISCONSIN, RACINE POLICE OFFICER CHAD STILLMAN, and RACINE POLICE OFFICER PETER BOECK, | ) ) ) ) ) | |
| Defendants | ) | |

## COMPLAINT

NOW COMES the Plaintiff, The ESTATE OF DONTE' DEVEL SHANNON, by personal representative VIVIAN SHANNON, by and through her attorneys, ARGIONIS & ASSOCIATES, LLC, and complaining of Defendants, The CITY OF RACINE WISCONSIN, RACINE POLICE OFFICER CHAD STILLMAN and RACINE POLICE OFFICER PETER BOECK, and states as follows:

### INTRODUCTION

1.      Donte' Devel Shannon, a Twenty-Six (26) year old son, brother and friend, should still be alive today.  Donte' Devel Shannon should be looking forward to living out his youth and starting a family.  Unfortunately, Donte' Devel Shannon's life was taken without lawful justification.  Donte' Devel Shannon's life was taken by a reckless act and a violation of his constitutional rights by two Racine undercover police officers, hereinafter referred to as RACINE POLICE OFFICER CHAD STILLMAN and RACINE POLICE OFFICER PETER BOECK.

1

2.     As of this time, and because of their status as police officers, RACINE POLICE OFFICER CHAD STILLMAN and RACINE POLICE OFFICER PETER BOECK have not been held accountable for their reckless actions.  On the contrary, despite the demands of a community struck with grief and sorrow.

3.     Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, and seeks redress for the wrongful, unconstitutional and unjustified actions of RACINE POLICE OFFICER CHAD STILLMAN and RACINE POLICE OFFICER PETER BOECK and the RACINE POLICE DEPARTMENT.  These actions have left DONTE' DEVEL SHANNON's family irreparably harmed and without other recourse.

4.     DONTE' DEVEL SHANNON cannot be brought back, therefore this action seeks to hold accountable, those responsible for the violations of DONTE' DEVEL SHANNON's constitutional rights.

## JURISDICTION

5.     That this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and Laws of the United States.

## VENUE

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because on information and belief, RACINE POLICE OFFICER CHAD STILLMAN and RACINE POLICE OFFICER PETER BOECK both reside in Racine County and the events giving rise to the claims asserted in this Complaint occurred within this district.

## THE PARTIES

7.     Plaintiff, the Estate of DONTE' DEVEL SHANNON, constitutes the legal interests of Donte' Devel Shannon and has a personal representative, Vivian Johnson, the mother

2

of Donte' Devel Shannon.

8.      The City of Racine is a Wisconsin municipal corporation, which operates the Racine Police Department (hereinafter "RPD"), which determines city policy for the conduct of all of the police officers employed by RPD.

9.      Defendant Racine Police Officer CHAD STILLMAN is a Racine police officer who, at all times relevant hereto, was acting under the color of law and within the scope of his employment as a Racine police officer.

10.     Defendant Racine Police Officer PETER BOECK is a Racine police officer who, at all times relevant hereto, was acting under the color of law and within the scope of his employment as a Racine police officer.

## FACTS

11.     That on January 17, 2018, Donte' Devel Shannon, spent time at his house with his family, who lived at 1220 Grand Avenue, City of Racine, State of Wisconsin.

12.     That on or about January 17, 2018, and at all times relevant, DONTE'' left the house in his father's vehicle to go get a haircut.

13.     Donte' drove south bound on Grand Avenue until he reached 14th Street.

14.     Donte' turned left on 14th Street and started to head eastbound on 14th Street until he reached 515 14th Street.

15.     At said time and place two police officers (hereinafter "Officer CHAD STILLMAN and Officer PETER BOECK) in plain clothes and an unmarked police vehicle pulled Donte' over.

16.     Donte' turned into the driveway located immediately adjacent to the west of the home located at 515 14th street.

3

17.     Donte' exited his vehicle and immediately took off running eastbound through the yards of the homes that are situated alongside 14th Avenue.

18.     Donte' in an attempt to flee from the aforementioned police officers crossed over Park Avenue, where he ran into the yard of the home located at 1409 Park Ave., City of Racine, State of Illinois.

19.     At said time and place Officer CHAD STILLMAN and Officer PETER BOECK fired multiple shots at Donte' Devel Shannon.

20.     Donte' Devel Shannon was struck multiple times in the back and other areas of his body.

21.     Donte' Devel Shannon was pronounced dead while being transported to the hospital following the shooting.

22.     Defendant Officer CHAD STILLMAN's use of deadly force was unjustified. Defendant knew Donte' from the neighborhood, knew that he was not violent, knew that he was a runner, and he was running away from the officer not toward him.

23.     Defendant Officer PETER BOECK's use of deadly force was unjustified. Defendant knew Donte' from the neighborhood, knew that he was not violent, knew that he was a runner, and he was running away from the officer not toward him.

24.     At no point during Donte' Devel Shannon's encounter with Defendant Officer CHAD STILLMAN and Defendant Officer PETER BOECK did Shannon take any action that would justify the use of deadly force.

25.     At no point during encounter with Defendant Officer CHAD STILLMAN and Defendant Officer PETER BOECK did Shannon pose an imminent threat of death or serious bodily harm sufficient to justify the use of deadly force by the Defendants.

4

26.     Donte' Devel Shannon, died from the multiple, unnecessary gunshot wounds he suffered at the hands of Defendant Officer CHAD STILLMAN and Defendant Officer PETER BOECK.

## PLAINTIFF'S DAMAGES

27.     The Defendants' actions imposed substantial harm upon Donte' Devel Shannon during the period of time after which he was shot multiple times by Defendant Officer CHAD STILLMAN and Defendant Officer PETER BOECK until he ultimately passed away. The amount of excruciating conscious pain and suffering Donte' Devel Shannon felt during those moments cannot be quantified.

28.     Donte' Devel Shannon also lost the opportunity to grow up, get married, have children of his own, and live the rest of his life.

## COUNT I – 42 U.S.C. § 1983
## Constitutional Rights Volation

29.     Plaintiff hereby reassert and incorporate each paragraph 1-28 herein.

30.     As described in paragraphs 19-26, the conduct of the Defendant Officer CHAD STILLMAN and Defendant Officer PETER BOECK constituted a violation of Donte' Devel Shannon's constitutional rights, including but not limited to those under the Fourth and Fourteenth Amendments of the United States Constitution, including but not limited to the following acts:

    a)    fired a weapon at Donte' Devel Shannon without justification;

    b)    fired a weapon at Donte Devel Shannon., while he was retreating and his back was facing the officers;

    c)    delayed in summoning medical assistance;

    e)    were otherwise reckless and indifferent to the safety of others.

5

31. The misconduct described in this Count was objectively unreasonable and undertaken with willful and reckless indifference to the rights of Donte' Devel Shannon.

32. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Racine, such that Defendant City of Racine is also liable for the following violations:

a) Failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference and as a matter of policy and practice, which condones the very type of misconduct at issue;

b). As a matter of both policy and practice, the City of Racine facilitates the very type of misconduct at issue by failing to adequately investigate, punish, and discipline prior instances of similar misconduct;

c). Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Racine Police Department abuse citizens in a manner similar to that alleged by Donte' Devel Shannon in this Count on a regular basis, yet the Racine Police Department investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases;

33. As result of the City of Racine's policies and practices, and the unjustified and reasonable conduct of the Defendant Officer CHAD STILLMAN and Defendant Officer PETER BOECK, Plaintiff has suffered injuries, including death and severe emotional distress.

## COUNT II – Municipal Indemnification

34. Plaintiff hereby reassert and incorporate each paragraph and allegation contained

6

in paragraphs 1-28 herein.

35.     Wisconsin law, Wisc. Stat. §895.46, requires public entities to pay any tort judgement for damages for which employees are liable within the scope of their employment activities.

36.     During all times relevant to this Complaint, Defendant Officer CHAD STILLMAN and Defendant Officer PETER BOECK were employees of the Racine Police Department, who acted within the scope of their employment in committing the aforementioned acts described herein.

WHEREFORE, the Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, CITY OF RACINE, WISCONSIN, RACINE POLICE OFFICER CHAD STILLMAN and RACINE POLICE OFFICER PETER BOECK, awarding compensatory damages and attorney's fees, and any other relief this Court deems just and appropriate.

Respectfully Submitted,

_____
Attorneys for Plaintiff

George G. Argionis
Al Koritsaris
ARGIONIS & ASSOCIATES, LLC
180 N. LaSalle - Suite 2105
Chicago, Illinois 60601
Tel. 312-782-4545
Email: gga@argionislaw.com

7