# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF DONTE' DEVEL SHANNON *by personal representative Vivian Johnson*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF RACINE, CHAD STILLMAN, and PETER BOECK,<br><br>　　　　　Defendants. | Case No. 18-CV-194-JPS<br><br><br>**ORDER** |

　　　　This action, stemming from Donte' Devel Shannon's death on January 17, 2018, was filed on February 5, 2018. (Docket #1). Upon service of the complaint and Defendants' notice of appearance, the Court promptly set the matter for a scheduling conference. (Docket #13). As explained in the notice of that hearing, it was the Court's prerogative to conclude this action on or before March 1, 2019. *Id.* The parties thereafter submitted a Rule 26(f) report which established dream world deadlines wholly inconsistent with the Court's notice of hearing. (Docket #14). At the scheduling conference, the Court reiterated its scheduling directive that, by all accounts, the parties elected to ignore. In accordance with Rule 1, which directs that the Court apply the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," the Court established a trial date of February 19, 2019, together with associated deadlines that included a cutoff date for filing dispositive motions. (Docket #15 and #16).

　　　　It is also painfully obvious that, even with the benefit of the Court's comprehensive trial scheduling order in hand, plaintiff and her counsel did

nothing in the following months to prepare the case for trial. For on August 20, 2018, Plaintiff filed a motion to alter the schedule in this matter. (Docket #20). Plaintiff explained that she had obtained new counsel who needed to work up the case. *Id.* She further stated that her counsel was scheduled for a trial beginning on February 4, 2019, which was likely to be lengthy and time-consuming. *Id.* The Court denied the motion the next day.

More than two weeks later, on September 6, 2019, Plaintiff filed a motion for reconsideration of that decision. (Docket #21). The motion reiterates Plaintiff's scheduling concerns, including whether the discovery she contemplates is required may be timely completed, as well as the potential conflict with the other February 2019 trial. *Id.* Plaintiff also insists that a hearing be held on the motion. *Id.*

This motion will be denied without a hearing. The Court has made it abundantly clear that this case, like every other civil action assigned to it, will be concluded within a year of it being filed. As the trial scheduling order succinctly states:

> Finally, the Court readily acknowledges and well appreciates the fact that in this branch preparation of the final pretrial report requires a substantial commitment of time and resources, *and the parties ought not treat the Court's directives lightly* for in the final analysis adequate preparation remains the hallmark of an effective advocate, *and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court*.

(Docket #16 at 7) (emphasis added). The emphasized portions demonstrate that the Court's chief concern is compliance with the letter and spirit of Rule 1. Whether Plaintiff's prior counsel failed to timely prepare for the trial of this matter, or whether her new counsel lacks time to do so, falls to her alone.

To be sure, it is of no concern to the Court that, prior to accepting the representation of Plaintiff's case, her new counsel failed to take into account, much less discuss with anyone—including the Court—the long-standing scheduling prerogatives in this branch of the Court. If her new counsel cannot meet the deadlines in place, Plaintiff is free to file a stipulated dismissal, dismissing the case without prejudice, or if she elects to proceed, she will be left to do so with counsel who can.[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration of the Court's order denying her motion to alter pre-trial and trial dates (Docket #21) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] The Court is particularly unconcerned about any potential conflict with another trial date. Barely two percent of civil cases are tried, and so it remains highly likely that either that action or this one will not reach the trial stage. Again, though, if Plaintiff's counsel was certain that a conflict will arise, they should never have taken this case.